IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DONNIE W. STRINGFELLOW, II and
SANDRA A. STRINGFELLOW                                          PLAINTIFFS

v.                           No. 1:12-cv-84-DPM

FEDERAL NATIONAL MORTGAGE ASSN.
("FANNIE MAE") and JPMORGAN
CHASE BANK, N.A.                                                DEFENDANTS

### ORDER

After a series of statutory foreclosure actions against their home in Heber Springs, the Stringfellows filed a Chapter 13 bankruptcy petition in 2006 to stop foreclosure. The underlying bankruptcy proceeding continues. Case No. 1:06-bk-11190 (E.D. Ark.). On Fannie Mae's motion, the Court withdrew the reference in this adversary proceeding. At issue here is the Stringfellows' note and mortgage on their property. Fannie Mae says it owns both; JPMorgan Chase — Washington Mutual's successor in interest — services the loan. The Stringfellows allege that the proof of claim on the note behind their mortgage is invalid. Fannie Mae and JPMorgan are, the Stringfellows continue, not the proper parties to enforce these obligations. They also allege that Fannie Mae broke seven covenants of the mortgage. The Stringfellows seek a declaration that the proof of claim is invalid, reconsideration of the

claim in any event under 11 U.S.C. § 502(j), damages and attorney's fees for breach of the mortgage covenants, and an accounting. JPMorgan Chase and Fannie Mae move to dismiss. The Court accepts the pleaded facts as true. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012).

**1. The Proof of Claim's Validity.** The Stringfellows argue that Washington Mutual did not have the right to enforce the note when the Stringfellows filed for bankruptcy in 2006. Washington Mutual's proof of claim, they say, didn't include a copy of the note, or any other document showing a proper transfer of the note with the mortgage. They argue that these gaps undermine Fannie Mae's and JPMorgan's right to proceed against them and their property.

Defendants submitted exhibits, later withdrawn, № 50, which may fill the gaps. But that is of no moment, because the Bankruptcy Court's confirmation order renders the plan *res judicata*, and the Stringfellows cannot now collaterally attack its terms. 11 U.S.C. § 1327; *In re Russell*, 386 B.R. 229, 231 (B.A.P. 8th Cir. 2008). "The binding effect of a confirmed [c]hapter 13 plan is a basic tenet of bankruptcy law." *In re Russell*, 386 B.R. at 231. Washington Mutual filed its proof of claim in April 2006. The Bankruptcy Court did not originally confirm the plan until a year later in April 2007. The

Stringfellows had ample opportunity to object to the proof of claim before confirmation. They did not do so.

In deciding whether to accord the confirmation order preclusive effect, the Court has considered the undisputed circumstances. The Stringfellows listed Washington Mutual as a secured creditor in their bankruptcy petition. Case No. 1:06-bk-11190, № *1 at 11*. They timely objected to another bank creditor's proof of claim, Case No. 1:06-bk-11190, № 46, but not to the one at issue here. The Stringfellows amended their proposed plan twice in 2006, making changes to the amount they paid Washington Mutual each month. *№ 11 at ¶¶ 61-63*. When seeking these changes, they never objected to the proof of claim's validity. Their plan was again modified and confirmed in 2009 without objection. Case No. 1:06-bk-11190, *№ 65 & 69*. If the Stringfellows had concerns about Washington Mutual's proof of claim, they could have, and should have, objected before the plan was originally confirmed in 2007, or when it was changed. The Stringfellows instead made more than $40,000.00 in monthly mortgage payments under their confirmed plan to Washington Mutual and JPMorgan.

The Stringfellows similarly argue that Fannie Mae and JPMorgan do not have standing to enforce the note and mortgage. But the confirmed plan is *res*

*judicata;* the proof of claim is *prima facie* proof of Fannie Mae's and JPMorgan's right to enforce the note and mortgage. The Court therefore rejects the Stringfellows' standing argument.

**2. Reconsideration.** The Stringfellows ask the Court to reconsider the proof of claim based on its alleged deficiencies and Fannie Mae's alleged violation of the Arkansas Statutory Foreclosure Act. A court may reconsider a claim for cause and according to the equities of the case. 11 U.S.C. § 502(j). The Court has considered (i) the extent and reasonableness of the Stringfellows' delay, (ii) the prejudice to Fannie Mae and JPMorgan, (iii) the effect on efficient court administration, and (iv) the Stringfellows' good faith. *In re Kirwan*, 164 F.3d 1175, 1177-78 (8th Cir. 1999); *In re Smith*, 290 B.R. 102, 106-07 (Bankr. E.D. Ark. 2003). No cause exists to reconsider the claim. The Stringfellows waited five years after confirmation to object, and have not offered a good reason for their delay. Invalidating the proof of claim now would undo years of time and resources spent in the underlying bankruptcy action. It would also prejudice JPMorgan and Fannie Mae, who have relied on the claim's validity. Again, the Stringfellows had many opportunities to challenge the proof of claim and repeatedly stood silent.

-4-

A note about the Arkansas Statutory Foreclosure Act. The Court of Appeals recently held that registration with a state entity is not the only way a company may be authorized to do business in Arkansas for purposes of the Act. *JPMorgan Chase Bank, N.A. v. Johnson*, 719 F.3d 1010, 1017 (8th Cir. 2013). JPMorgan Chase is authorized to do business here under the National Banking Act. *Johnson*, 719 F.3d at 1018. Fannie Mae is likewise authorized by federal law. 12 U.S.C. § 1723(a). The Court therefore rejects the Stringfellows' argument that Fannie Mae violated the Arkansas Statutory Foreclosure Act.

**3. Breach-of-Contract Claims.** The Stringfellows allege that Fannie Mae broke seven covenants of the mortgage. Under Arkansas law, the Stringfellows had five years after accrual to bring these contract claims. ARK. CODE ANN. § 16-56-111; *Ray & Sons Masonry Contractors, Inc. v. U.S. Fidelity & Guaranty Co.*, 353 Ark. 201, 216, 114 S.W.3d 189, 198 (2003). Five of their claims arose before 2007. They were therefore time barred in 2012 when the Stringfellows filed this case. The two remaining claims — failing to properly apply trustee payments, and charging and collecting unauthorized foreclosure fees and costs — may be timely. But these claims fail for several reasons to state a claim. First, the mortgage authorizes collection of foreclosure-related expenses. № 11-3 at ¶ 21. Second, having broken the

parties' contract first by not making their payments, the Stringfellows are in no position to demand performance by Fannie Mae. *Stocker v. Hall*, 269 Ark. 468, 472, 602 S.W.2d 662, 664-65 (1980); *see also TXO Production Corp. v. Page Farms, Inc.*, 287 Ark. 304, 307, 698 S.W.2d 791, 793 (1985). The Stringfellows still have not fully satisfied their obligation. The Chapter 13 trustee recently moved to dismiss the underlying bankruptcy action because the Stringfellows are "in material default with respect to the terms of the confirmed plan[.]" Case No. 1:06-bk-11190, № 111. Third, the application-of-payments issue is better sorted by the Bankruptcy Court to the extent any real dispute exists. For these reasons, the Stringfellows' two remaining breach arguments fail to state a claim.

**4. Accounting.** JPMorgan has already turned over loan records to the Stringfellows. *№ 11 at Exhibit 11A, 11B, & 11C*. All their other claims have failed for one reason or another. In the circumstances, the Stringfellows' request for accounting is moot.

\* \* \*

Defendants' motion to dismiss, № 32, granted.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

9 January 2014